UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARTIZE KIRKLAND,

    Plaintiff,

        v.           CAUSE NO. 3:23-CV-1033-DRL-MGG

JUSTIN McCRAY *et al.*,

    Defendants.

OPINION AND ORDER

Martize Kirkland, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 23.) As required by 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Kirkland is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As a preliminary matter, Mr. Kirkland filed a motion in that appears to request an extension of time to file an amended complaint. (ECF 19.) However, he filed an earlier

request for an extension that was granted, and he filed the present pleading before the deadline set in that order. (ECF 22, 23.) His motion is thus unnecessary.

Mr. Kirkland is an inmate at Westville Correctional Facility who uses a wheelchair. His complaint stems from an incident occurring at Miami Correctional Facility in December 2022. He claims that around 2:00 a.m. on the morning on December 23, 2022, Sergeant T. Jiles came to his cell and asked if another inmate could use his wheelchair. Mr. Kirkland said no because he needed the wheelchair to get to and from the bathroom. Sergeant Jiles then walked out of his cell, and Sergeant Justin McCray came in and forcibly pulled him out of his wheelchair, causing him to fall on the floor and defecate on himself. He claims Sergeant McCray injured his back, leg, arm, and neck when he pulled him out of the chair. He told Sergeant McCray that he needed help and had defecated on himself, to which Sergeant McCray allegedly responded, "so what" and walked away, leaving him on the floor. He claims Sergeant Jiles was nearby and saw what Sergeant McCray was doing, but did nothing to assist him.

Another inmate came by, saw Mr. Kirkland needed help, and went to the officers' desk. Sergeant Jiles was there, but she allegedly refused to come and help Mr. Kirkland and instead sat at the desk talking to another inmate. Mr. Kirkland claims he yelled for Sergeant Jiles for another 30 minutes before she came to assist him. He got his wheelchair back but claims Sergeant Jiles did not take any steps to have him assessed by medical staff, even though he told her he was in "extreme pain." He allegedly had to wait several days to be seen by a nurse at "sick call."

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Additionally, state actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000).

Giving Mr. Kirkland the inferences to which he is entitled at this stage, he has alleged a plausible excessive force claim against Sergeant McCray. He claims that Sergeant McCray used force to pull him out his wheelchair, without warning and for no legitimate reason, causing injury to his back and other body parts. There is no basis to infer from his allegations that he was posing a threat during this incident, nor does it appear that he disobeyed a direct order. By his account, he was simply asked if someone else could use his wheelchair and responded that he needed the chair to get to the bathroom. The amended complaint further alleges that Sergeant Jiles was nearby and had an opportunity to intervene to prevent Mr. Kirkland from being injured, but did not do so. He has alleged enough to proceed against these Defendants under the Eighth Amendment.

He further claims that Sergeant Jiles denied him medical care after this incident. Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for the denial of this right, a prisoner must allege: (1) he had an objectively seriously medical need; and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The deliberate indifference standard imposes a "high hurdle," requiring a showing "approaching total unconcern for the prisoner's welfare." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas*, 2 F.4th at 722.

Mr. Kirkland claims that after being pulled out of his wheelchair, he was unable to get up from the floor due to injuries to his back and other parts of his body. Sergeant Jiles was told by another inmate that Mr. Kirkland had been injured and needed help, but she allegedly left him on the floor covered in feces for 30 minutes while she talked with another inmate. He further claims that she took no steps to have him assessed by medical staff after this incident even though he told her was in "extreme pain." He has alleged enough to proceed on a claim against Sergeant Jiles for deliberate indifference in violation of the Eighth Amendment.

4

He also sues Warden Jason English, but this official is not mentioned anywhere in the narrative section of the amended complaint. There is no *respondeat superior* liability under 42 U.S.C. § 1983, and the Warden cannot be held liable for damages solely because of his position. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The court cannot plausibly infer from Mr. Kirkland's allegations that the Warden was personally involved in this incident or that he otherwise acted with deliberate indifference to Mr. Kirkland's health or safety. He will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Sergeant Justin McCray in his personal capacity for monetary damages for using excessive force against him in violation of the Eighth Amendment on or about December 23, 2022;

(2) GRANTS the plaintiff leave to proceed against Sergeant T. Jiles in her personal capacity for monetary damages for failing to intervene in the alleged use of excessive force by Sergeant McCray;

(3) GRANTS the plaintiff leave to proceed against Sergeant T. Jiles in her personal capacity for monetary damages for denying him medical care in violation of the Eighth Amendment after the alleged use of excessive force by Sergeant McCray;

(4) DISMISSES all other claims;

(5) DISMISSES Warden Jason English as a defendant;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on)

Sergeant Justin McCray and Sergeant T. Jiles at the Indiana Department of Correction and to send them a copy of this order and the amended complaint (ECF 23) pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(8) ORDERS Sergeant T. Jiles and Sergeant Justin McCray to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(9) DENIES the plaintiff's motion for an extension of time (ECF 19) as unnecessary.

SO ORDERED.

March 29, 2024                            *s/ Damon R. Leichty*
                                          Judge, United States District Court